UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RAMON DE ANTONIO SMART,

            **Plaintiff,**

- against -

POLICE OFFICER MATTHEWS, ET AL.

            **Defendants.**
-------------------------------------------------------------x

08 CV 2203 (HB)

**ORDER**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/10

**Hon. HAROLD BAER, JR., District Judge:**

      WHEREAS, on March 5, 2008, Plaintiff Ramon De Antonio Smart ("Plaintiff" or "Smart"), appearing *pro se*, instituted this action by filing a complaint, and subsequently filed an amended complaint on August 19, 2008, where he asserts claims of excessive force, false arrest, deprivation of property, malicious prosecution, and emotional distress, pursuant to 42 U.S.C. § 1983; and,

      WHEREAS, on April 1, 2009, this Court issued a decision granting Defendants' motion for summary judgment "with respect to (i) all claims against the City of New York; (ii) all state law claims; (iii) Plaintiff's Section 1983 claims premised on false arrest, procedural due process violations, and violations of the First and Sixth Amendment against all Defendants, (iv) Plaintiff's Section 1983 claims premised on malicious prosecution and use of excessive force against Defendants Zaroff and Piazza; and (v) Plaintiff's Section 1983 claims premised on violations of the due process clause of the Fourteenth Amendment for the conditions of Plaintiff's pretrial detention against Defendants Matthews," and denied Defendants' motion for summary judgment with respect to "(i) Plaintiff's Section 1983 claims against Defendants Matthews and Filizzola to the extent premised on malicious prosecution and use of excessive force; and (ii) Plaintiff's Section 1983 claims against Defendants Filizzola, Zaroff and Piazza premised on the conditions of Plaintiff's pretrial detention," Opinion and Order, April 1, 2009 (Docket No. 41); and,

      WHEREAS, this case was scheduled for trial on May 26, 2009; and,

      WHEREAS, on May 27, 2009, due to Plaintiff's incarceration in a separate matter, *see United States v. Smart*, 06 Cr. 919 (Berman, J.), and his consequent inability to adequately prepare for trial, this Court added the matter to its suspense calendar until September 30, 2009,

and ordered that it be automatically dismissed absent notice from Plaintiff prior to that date, *see* Order, May 27, 2009 (Docket No. 45); and,

WHEREAS, on November 3, 2009, at a telephonic conference with Plaintiff and counsel for Defendants, Plaintiff indicated that he was no longer in custody and prepared to go to trial in January 2010; and,

WHEREAS, this Court scheduled trial to begin on January 4, 2010; and,

WHEREAS, on November 12, 2009, Plaintiff was remanded back to federal custody, *see* Order of November 12, 2009 in *Smart*, 06 Cr. 919 (Docket No. 98); and,

WHEREAS, Plaintiff has not provided Defendants with certain discovery necessary for adequate trial preparation, specifically contact information for certain proposed witnesses, *see* Endorsed Letter, November 19, 2009 (Docket No. 47); and,

WHEREAS, this Court learned from Plaintiff's defense counsel in his criminal action that Plaintiff was to be released to the custody of a long-term treatment program on December 23, 2009, and thereupon requested counsel to either (1) direct Plaintiff to attend a conference before this court on the day of his release or (2) if unable to attend, to write this Court with Plaintiff's permission regarding Plaintiff's ability to try his civil case; and,

WHEREAS, this Court informed Plaintiff's counsel in his criminal action to tell Smart that if he was still unable to try this action in a timely fashion, then it would be dismissed without prejudice with leave to re-file; and,

WHEREAS, on December 23, 2009 Plaintiff was released into the custody of "Odyssey House" for the purposes of "inpatient long term…treatment" of a minimum of 12 months, *see* Order, December 23, 2009, *Smart*, 06 Cr. 919 (Docket No. 100); and,

WHEREAS, counsel for Plaintiff in his criminal action informed this Court that Smart was unsure of his ability to try the case while in a mandatory inpatient program, was aware of the consequences of a dismissal, and would contact this Court directly in the following days to relate whether he could go forward with his trial; and,

WHEREAS, on December 28, 2009, Plaintiff called this Court and left a voicemail indicating that he was still unsure of his ability to proceed, and would call back the next day to provide more information. Plaintiff failed to leave any contact information for the Court to affirmatively get in touch with him; and,

WHEREAS, as of this date, Plaintiff has not made any further contact with this Court; and,

WHEREAS, pursuant to Rule 41(b) of the Federal Rules of Procedure, this Court may dismiss an action for failure to prosecute or failure to comply with a court order; *see* Fed.R.Civ.P. 41(b); and,

WHEREAS, in determining whether to dismiss under Rule 41, this Court should consider: "1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) the efficacy of a sanction less draconian than dismissal," *see Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); and,

WHERAS, Plaintiff has failed to comply with discovery orders necessary for Defendants' adequate trial preparation, was repeatedly made aware of the possible dismissal of his suit should he be unable to go forward, has been given two separate trial dates, had his case placed on suspense, and has failed to contact this Court with any suggestion as to how else to proceed; it is hereby,

**ORDERED**, that, pursuant to Rule 41(b), Plaintiff's Complaint is dismissed against the remaining Defendants WITHOUT PREJUDICE. Plaintiff, should he wish, may re-file if and when he is properly able to prosecute his case.

The Clerk of the Court is instructed to close this case and remove it from my docket.

**SO ORDERED.**

New York, New York
January 12, 2010

HAROLD BAER, JR.
United States District Judge

3